## BARBEE v. OKLAHOMA TAX COMMISSION.

### No. 1746.

Circuit Court of Appeals, Tenth Circuit.

March 25, 1939.

---

John W. Swinford, of Oklahoma City, Okl. (Tomerlin, Chandler, Shelton & Fowler, of Oklahoma City, Okl., on the brief), for appellant.

C. D. Cund, of Oklahoma City, Okl., (A. L. Herr, of Chickasha, Okl., and Wendell Barnes, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

The question for determination is whether claim filed with the trustee in bankruptcy of an insolvent vendor for unpaid sales tax levied under the Oklahoma Consumers' Tax Law, Chapter 66, Article 7, Session Laws 1935, for allowance is entitled to preference in payment over the claims of his general creditors.

Objection to its allowance as a preferred claim was made by the trustee, with the contention that the state had no greater right to priority out of the assets of the insolvent debtor's estate than any other general creditor.

The referee denied right to priority, allowing the claim as a general claim. On review the trial court reversed the decision of the referee and allowed it as a preferred claim.

On March 14, 1939, this question was decided by the Supreme Court of Oklahoma in Re Harris, J. G. Clift, Assignee, v. Oklahoma Tax Commission, 88 P.2d 372, wherein it was held: "A claim filed by the State of Oklahoma with the assignee of an insolvent vendor for unpaid sales tax levied by the Oklahoma Consumers' Tax Law, Chapter 66, Article 7, Session Laws 1935, where the vendor had made an assignment for the benefit of creditors subsequent to the accrual of said tax, is entitled to preference in payment over the claims of the general creditors of the insolvent vendor, since in the levying and collecting of taxes the state exercises one of the inherent prerogatives of its sovereign power."

The court said: "* * * we conclude that the moneys due from the insolvent vendor are taxes and not merely an ordinary debt owing from him as agent to the State of Oklahoma as principal."

With reference to Section 12590, O.S. 1931, 68 Okl.St.Ann. § 218, it being contended that it operates as a restriction upon the state's inherent sovereign power to levy and collect taxes, the court said: "* * * The Consumer's Tax Law of 1935, Ch. 66, art. 7, S.L.1935, which is in question in the instant case, does not limit or restrict this power. Nor is the state restricted to any exclusive method of enforcing the sales tax, but in addition to certain specific remedies may avail itself of any remedy for collecting the tax which is available for the enforcement of an action for debt."

The judgment of the lower court is affirmed.