CITY OF NEW YORK *v.* FEIRING, TRUSTEE IN BANKRUPTCY.

No. 863.   Argued May 7, 1941.—Decided May 26, 1941.

*Mr. Paxton Blair,* with whom *Messrs. William C. Chanler, Sol Charles Levine,* and *Morris L. Heath* were on the brief, for petitioner.

*Mr. Benjamin Siegel* for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The question is whether the obligation imposed upon sellers by a New York City sales tax (No. 20, Local Laws of New York City, 1934, as amended, No. 24, Local Laws of New York City, 1934), to pay a tax laid upon receipts from sales of personal property and collectible alternatively from the buyer or the seller is a "tax" entitled to priority of payment in bankruptcy under § 64 of the Bankruptcy Act.

Petitioner, New York City, filed its claim against the estate of the bankrupt for taxes on sales of tangible property by the bankrupt during the five years following January 10, 1934. In the proceeding before the referee it appeared that the bankrupt had failed to collect most of the taxes from its buyers as required by the applicable law, and that the sole issue was with respect to the right of the City to priority of payment of the City's claim over those of general creditors. The District Court set aside the referee's order allowing the priority and the Court of Appeals for the Second Circuit affirmed, 118 F. 2d 329, holding that the sum claimed was not a tax, but that the "bankrupt was liable to the city as a tax collector who owes as a debt the amount of taxes collected or to be collected." We granted certiorari April 14, 1941, because of the suggested failure of the court below to follow our decision in *New York City* v. *Goldstein,* 299 U. S. 522, reversing *In re Lazaroff,* 84 F. 2d 982, and of the asserted conflict in principle of the decision below with that of the Court of Appeals for the Tenth Circuit in *Barbee* v. *Oklahoma Tax Commission,* 103 F. 2d 114.

Section 64 of the Bankruptcy Act, as amended June 22, 1938, 52 Stat. 840, 874, awards priority of payment, in bankruptcy, to "taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof . . ." Whether the present obligation is a "tax" entitled to priority within the meaning of the statute is a federal question. *New Jersey* v. *Anderson,* 203 U. S. 483, 491; cf. *Burnet* v. *Harmel,* 287 U. S. 103, 110; *Palmer* v. *Bender,* 287 U. S. 551, 555; cf. *United States* v. *Pelzer,* 312 U. S. 399. Intended to be nation-wide in its application, nothing in the language of § 64 or its legislative history suggests that its incidence is to be controlled or varied by the particular characterization by local law or the state's demand. Hence we look to the terms and purposes of the Bankruptcy Act as establishing the criteria upon the basis of which the priority is to be allowed.

As was pointed out in *New Jersey* v. *Anderson, supra,* 491, the priority commanded by § 64 extends to those pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it. The particular demand for which the City now claims priority of payment as a tax is created and defined by state enactment. We turn to its provisions and to the decisions of the state courts in interpreting them, not to learn whether they have denominated the obligation a "tax" but to ascertain whether its incidents are such as to constitute a tax within the meaning of § 64. Cf. *Morgan* v. *Commissioner,* 309 U. S. 78, 80, 81 and cases cited; *United States* v. *Pelzer, supra; Ryerson* v. *United States,* 312 U. S. 405.

The present exaction is that which was considered, and its constitutionality sustained, in *McGoldrick* v. *Berwind-White Co.,* 309 U. S. 33. The discussion of it there will be supplemented here only so far as is needful for the

disposition of the issue now before us. It was enacted by the municipal assembly of New York City as an emergency revenue measure to defray the expense of unemployment relief, pursuant to authority conferred by the state legislature. Ch. 815, New York Laws 1933; Ch. 873, New York Laws 1934. Originally No. 24 of New York Local Laws, 1934, it has since been annually renewed with minor amendments not now material. Section 2 lays a tax upon receipts from retail sales in New York City of tangible personal property, and requires the seller, with exceptions not now material, to charge the buyer with the amount of the tax, separately from the sales price and to collect the tax from him. Penalties are imposed by § 15 for the seller's willful failure to comply with these requirements. Section 2 also commands that the tax "shall be paid by the purchaser to the vendor, for and on account of the City of New York." Section 5 requires the seller to file with the City Comptroller a "return of his receipts and of the taxes payable thereon" for prescribed periods. Section 6 requires the seller, at the time of filing a return to pay to the Comptroller the taxes upon all receipts required to be included in his return and also provides that "all taxes for the period for which a return is required to be filed shall be due from the vendor and payable to the Comptroller on the date limited for the filing of the return for such period, without regard to whether a return is filed or whether the return which is filed correctly shows the amount of receipts and the taxes due thereon." But if the seller fails to collect the tax § 2 also makes it the duty of the purchaser to file a return with the Comptroller and commands that "such tax shall be payable by the purchaser directly to the Comptroller."

By § 8, whenever either the seller or purchaser "shall fail to collect or pay over any tax and/or to pay any tax" imposed by the law, the City is authorized to bring an

action for its recovery or, as an alternative remedy, the Comptroller is authorized to issue a warrant directed to the sheriff of the county, commanding him to levy upon and sell the real and personal property of the seller or the purchaser and apply the proceeds to the payment of the tax. In construing these provisions the New York Court of Appeals has held that while the Comptroller may proceed under § 2 to collect the tax from the purchaser if he has not paid it to the seller, see *Matter of Kesbec, Inc.* v. *McGoldrick,* 278 N. Y. 293; 16 N. E. 2d 288, the duty to pay the tax is also laid upon the seller whether he has in fact collected it and regardless of his ability to collect it from the buyer. *Matter of Atlas Television Co.,* 273 N. Y. 51; 6 N. E. 2d 94; *Matter of Brown Printing Co.,* 285 N. Y. 47; 32 N. E. 2d 787.

The statute thus contains provisions which in its normal operation are calculated to enable the seller to shift the tax burden to the purchaser, see *Matter of Kesbec, Inc.* v. *McGoldrick, supra,* 297; *Matter of Merchants Refrigerating Corp.* v. *Taylor,* 275 N. Y. 113, 124; 9 N. E. 2d 799; cf. *McGoldrick* v. *Berwind-White Co., supra,* 43, 44. But it is plain that both the vendor and the vendee are made liable for payment of the tax *in invitum* without regard to those provisions by which the seller may shift the incidence of the tax to the buyer and the tax may be summarily collected by distraint of the property of either the seller or the buyer. A pecuniary burden so laid upon the bankrupt seller for the support of government, and without his consent, thus has all the characteristics of a tax entitled to priority of payment in bankruptcy within the meaning of § 64 of the Bankruptcy Act. *New Jersey* v. *Anderson, supra.* Cf. *United States* v. *Updike,* 281 U. S. 489, 494. It is not any the less a tax laid on the seller because the statute places a like burden in the alternative on the purchaser or because it affords to the seller facilities of which he did not avail himself to pass

the tax on to the buyer. While an action in debt may be resorted to for the recovery of a tax, it is evident that in this case the bankrupt is liable to the state only because it owes a tax. *Price* v. *United States,* 269 U. S. 492, 500; *Milwaukee County* v. *White Co.,* 296 U. S. 268, 271.

In *New York City* v. *Goldstein, supra,* we reversed *per curiam,* citing *Matter of Atlas Television Co., supra,* a decision of the Court of Appeals for the Second Circuit that a claim of the City for payment of tax by the seller was not entitled to priority under § 64 of the Bankruptcy Act. The court below attributed our reversal to the circumstances that at that time, though not now, § 64 allowed priority to debts entitled to priority under state law, and to the decision of the state court in the *Atlas* case, that upon a general assignment for the benefit of creditors made under state law a claim against the seller for the sales tax was entitled to priority. But in placing this interpretation upon our decision in the *Goldstein* case the court below overlooked the fact that the Court of Appeals ruled in the *Atlas* case that an ordinary debt due the state is not entitled to priority by state law, and it sustained the priority in that case only on the ground that the demand was for a tax, the unqualified duty to pay which was placed by the statute on the seller. This interpretation of the state statute was reaffirmed by that court in the *Matter of Brown Printing Co., supra.* For reasons already given, the duty imposed upon the seller by the taxing act thus construed is also a tax within the meaning of § 64 of the Bankruptcy Act.

*Reversed.*

MR. JUSTICE ROBERTS thinks the judgment should be affirmed for the reasons stated by the Circuit Court of Appeals.