### In re HACKER–BYRNES CORP.
No. 47485.

United States District Court
S. D. California, Central Division.
March 27, 1951.

350

Irwin R. Buchalter, Los Angeles, Cal., for bankrupt.

Benno M. Brink, Los Angeles, Cal., referee in bankruptcy.

Frank M. Benedict, Los Angeles, Cal., for California-Western States Life Ins. Co., petitioner on review.

Craig, Weller & Laugharn, Los Angeles, Cal., for trustee in bankruptcy, respondent on review.

McCORMICK, Chief Judge.

This is a review of an order of the referee in bankruptcy which in part held that a claim filed by the California-Western States Life Insurance Company against the bankrupt corporation is not entitled to priority as a tax claim under the provisions of Section 64 sub. a(4) of the Act of Congress relating to bankruptcy, 11 U.S. C.A. § 104, sub. a(4).

The claim was filed for the sum of $162.-41. It was based upon monies withheld from wages paid by Hacker-Byrnes Corporation to its employees between January 1, 1949 and March 31, 1949, pursuant to a voluntary plan of unemployment disability compensation insurance approved by the California Employment Stabilization Commission and insured by the claimant under its policy No. 6417, in accordance with part 6 of Article 10 of the California Unemployment Insurance Act, Statutes and Amendments of the Codes of California, 1946–1947, pages 101 to 113, Gen.Laws, Act 8780d, § 450 et seq.

After hearing, upon objections to the claim by the trustee, the referee ruled that $81.26 of the claim should be allowed the claimant insurance company as a labor priority under Section 64, sub. a(2) of the Bankruptcy Act. The referee also ruled that no part of the claim should be classified as for taxes and entitled to a priority status within the terms of Section 64, sub. a(4) of said Act. Accordingly, appropriate findings of fact, conclusions of law and order were made by the referee allowing claimant a prior labor claim for $81.26 and a general unsecured claim for $81.15. It is from the portion of the order denying any tax priority status that this review is taken.

The record transmitted does not contain the policy of insurance No. 6417 hereinbefore referred to.

The primary question is whether, under the factual situation that is indisputably shown by the record, any part of the $162.41 for which the claim is made by the California-Western States Life Insurance Company constitutes taxes legally due and owing by the bankrupt to the United States or to the State of California within the purview of the priority specified by Section 64, sub. a(4) of the Bankruptcy Act.

It is to be initially noted that the briefs filed by the claimant and the trustee affirmatively show that claimant has not made any payments to the State of California or any of its agencies of the monies or contributions which the Hacker-Byrnes Corporation withheld and retained from the wages of its employees as required by the California Unemployment Insurance Act, nor does it appear from the record before us that any demands have been made by the State of California upon the claimant insurance company for the payment of such monies to the disability fund that is provided by the Unemployment Insurance Act.

■ We think that the monies which were withheld from the wages of the employees of Hacker-Byrnes Corporation and retained by it before bankruptcy are clearly taxes. Cf. United States v. State of New York, 315 U.S. 510, 62 S.Ct. 712; Buckstaff Bath House Co. v. McKinley, 308 U.S. 358, 363, 60 S.Ct. 279, 84 L.Ed. 322; In re Wm. Akers, Jr., Co., 3 Cir., 121 F.2d 846, 135 A.L.R. 1503. Such monies constituted trust funds, Section 457, Part 6, Amendments of 1946 to California Unemployment Insurance Act, and when sought by the affected sovereign authority the valid tax obligations which are impressed thereon are in bankruptcy entitled to priority of payment in accordance with Section 64, sub. a(4) of the Act. But as adverted to, the record before us shows neither any attempt by the taxing sovereignty to recover the wages diverted by the bankrupt corporation nor any payment voluntary or otherwise by the claimant insurance company into the "Disability Fund" established by the 1946 Amendment to the California Unemployment Insurance Act.

■■ These factors, we think, operate to preclude the claimant from establishing a tax priority status in the bankrupt estate. It is asserted by the claimant that as Article 10 of the California Unemployment Insurance Act as amended in 1946 clearly and definitely indicated that the disability insurer such as the claimant in a voluntary plan shall be placed in the same position in reference to deductions made from wages as the State occupies concerning contributions required of employees where no voluntary plan is extant. This contention is founded upon Section 457 of Part 6 of the California Act as amended in 1946, but it is clear that tax priorities in bankruptcy are neither established nor to be found in local law. Being Federal questions, such rights of precedence are to be determined exclusively by national legislation and the decisions of the courts of the United States. City of New York v. Feiring, 313 U.S. 283, 61 S.Ct. 1028, 85 L.Ed. 1333; State of New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284.

Finally, in the light of the factual elements of this review, there is no basis whatever for the invocation by the claimant insurance company of the equitable doctrine of subrogation to the rights of the State of California. The substitution of claimant, a private insurance company, in lieu of the sovereign taxing authority to which the withheld taxes have not been paid would inject an illusive and unreal situation into the claim under consideration.

Findings of fact, conclusions of law and the order of the referee dated August 23, 1950 are and each is confirmed.