**In re Harry C. ADAMS and Catherine Anna Adams, Debtors.**

**Bankruptcy No. 81–01028G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 15, 1983.

Andrew N. Schwartz, Philadelphia, Pa., for debtors, Harry C. Adams and Catherine Anna Adams.

City of Philadelphia Bankruptcy Unit Law Dept., Mary C. Ferry, Philadelphia, Pa., claimant.

James J. O'Connell, Philadelphia, Pa., standing trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

At issue is the debtor's motion for reconsideration of our decision holding that water and sewer rents owing to the City of Philadelphia are property taxes within the meaning of 11 U.S.C. § 507(a)(6)(B) of the Bankruptcy Code ("the Code"). For the reasons stated herein we deny the motion.

Although the facts of the case were previously presented in our original opinion [1] in this matter, we reiterate them here: On March 25, 1981, Harry C. and Catherine Anna Adams ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. On July 14, 1981, the City of Philadelphia filed a priority proof of claim in the amount of $1,215.32. The debtors objected to that claim to the extent that it sought priority of $220.82 for

1. 17 B.R. 742.

past water and sewer rents. We held that sewer and water charges owing to the City of Philadelphia were entitled to priority status under the precedent in this district, i.e., *In Re Industrial Cold Storage & Ice Co.,* 163 F. 390 (E.D.Pa.1908). That case addressed the question of whether the City of Philadelphia was entitled to a priority claim for water rent pursuant to § 64a [former 11 U.S.C. § 104(a)] of the Bankruptcy Act of 1898. In finding that the water rents were taxes entitled to priority, the court, speaking through Judge McPherson, stated as follows:

> In my opinion a water rent due to the City of Philadelphia is certainly within the spirit of section 64a. It is levied annually against the property as a tax is levied; it is made a lien by statute in like manner, and is enforced by the same remedies that are appropriate to the collection of a tax; and the amount due is similarly available for public purposes. The same reasons of policy that moved Congress to ordain priority for taxes, justify the court, I think, in giving the word a construction broad enough to include such other municipal claims as are practically indistinguishable in their nature and effect from taxes, strictly so called.

163 F. at 392.

Although the Bankruptcy Reform Act of 1978 modified the priority scheme by providing governmental units with a priority only for certain types of taxes, among which are property taxes, we found the alteration immaterial and held that the charges were entitled to priority.

The debtors challenge this result on the oft used distinction between proprietary and governmental functions of government which has been summarized as follows:

§ 10.05.—Governmental and private.

A municipal corporation has a twofold character and dual powers, recognized by the federal courts the same as by state courts. The one is variously designated as public, governmental, political or legislative, in which the municipal corporation acts as an agency of the state. The other is variously designated as municipal, private, quasi-private, or proprietary. Herein the former will be referred to as governmental and the latter as private. . . . No hard and fast rule satisfactorily distinguishing the one capacity from the other for general application has been announced. . . .

Governmental powers and functions have been defined as those conferred on a municipal corporation as a local agency of prescribed and limited jurisdiction to be employed in administering the affairs of the state and promoting public welfare generally. If the power conferred has relation to public purposes and is for the public good it is generally classified as governmental in its nature. . . .

Private, municipal, proprietary functions and powers are those relating to the accomplishment of private corporate purposes in which the public is only indirectly concerned, and as to which the municipal corporation is regarded as a legal individual. Private functions are those granted for the specific benefit and advantage of the urban community embraced within the corporate boundaries.

\*    \*    \*    \*    \*    \*

2 E. McQuillin, *Municipal Corporations* ¶ 10.05 (1979 rev. vol.) (footnotes omitted). The debtors cite *Hamilton's Appeal* (In Re Petition of City of Philadelphia), 340 Pa. 17, 16 A.2d 32 (1940), in which the Pennsylvania Supreme Court applied this characterization of government functions in analyzing the validity of a Philadelphia ordinance which provided for sewer charges. The court struck down the ordinance on the grounds that it exceeded the bounds of the state statute which authorized such charges. With due regard to the authority of *Hamilton's Appeal* we initially note that the United States Supreme Court has stated the following on the priority provisions of the Bankruptcy Act of 1898:

> Whether the present obligation is a "tax" entitled to priority within the meaning of the statute is a federal question. Intended to be nation-wide in its application, nothing in the language of

§ 64 or its legislative history suggests that its incidence is to be controlled or varied by the particular characterization by local law or the state's demand. Hence we look to the terms and purposes of the Bankruptcy Act as establishing the criteria upon the basis of which the priority is to be allowed.

*City of New York v. Feiring,* 313 U.S. 283, 285, 61 S.Ct. 1028, 1029, 85 L.Ed. 1333 (1941) (cites omitted). We have no reason to believe that the passage of the 1978 act changed this rule of law. Although the state high court settled the question of whether the charges at issue in *Hamilton's Appeal* were beyond the authority of the state enabling statute, federal law must determine if the charges in question here are taxes for the purpose of § 507(a)(6)(B).

█ Having decided that federal law rather than state law will determine the applicability of the characterization of government tasks as proprietary or governmental, we note that the debtors assert that, since water and sewer service can be provided by a private business, these functions are necessarily proprietary in nature and thus the charges cannot be taxes. If carried to its logical conclusion the application of this principle would require the denial of priority status to all charges made by a government in its proprietary capacity. We believe that this conclusion is unsupportable and we thus find that the bifurcation of governmental tasks into proprietary and governmental functions is specious as applied to the issue at bench. Based on *Industrial Cold Storage* we find that water and sewer charges owing to the City of Philadelphia "are practically indistinguishable in their nature and effect from property taxes, strictly so called," for purposes of § 507(a)(6)(B). *Cf. New Jersey v. Anderson,* 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284 (1906) (under § 64a of the Bankruptcy Act an annual corporate franchising fee owing to the State of New Jersey was held a tax entitled to priority); *see, In Re New England Carpet Co., Inc.,* 26 B.R. 934, 936 (Bkrtcy.D.Vt.1983); *contra, County Sanitation District v. Lorber Industries of California, Inc.,* 675 F.2d 1062 (9th Cir.1982) (hold-

ing that 64a(4) did not grant priority status to sewer charges of the type at issue, although "the classification of [the] charges [was] a close question," *Id.* at 1067).

We will deny the motion for reconsideration.