In re TRI–MANUFACTURING AND SALES CO., Debtor.

STATE OF OHIO, BUREAU OF WORKERS' COMPENSATION, Claimant,

v.

TRI–MANUFACTURING AND SALES CO., Objector.

Bankruptcy No. 1–85–00400.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 26, 1988.

Paul A. Nemann, Cincinnati, Ohio, for debtor/objector.

Randal C. Berning, Columbus, Ohio, for claimant.

DECISION and ORDER ON OBJECTION TO CLAIM

BURTON PERLMAN, Bankruptcy Judge.

Claimant, State of Ohio, Bureau of Workers' Compensation, filed three proofs of claim in the present Chapter 11 case. The claims are for pre-petition unpaid workers' compensation premiums. The parties have settled all issues, including agreeing on an amount of $14,064.10 for Claim No. 97, except for a single issue which is here presented. That issue is whether claimant is entitled to have Claim No. 97 treated as a priority claim pursuant to § 507(a)(7)(E). That priority extends to excise taxes. The question is whether the claim in question is entitled to treatment as an excise tax, or simply as an unsecured claim without priority.

The Bankruptcy Act of 1898 provided at § 64(a)(4) a priority for "taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof which are not released by a discharge in bankruptcy ...". In *In re Pan American Paper Mills, Inc.*, 618 F.2d 159 (1st Cir.1980), the court held that unpaid premiums assessed under the

workers' compensation law of Puerto Rico were entitled to priority under § 64(a)(4). The court found such premiums to be taxes by reasoning that the word "taxes" within the meaning of § 64(a)(4) (at p. 162) "extends to those pecuniary obligations laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it." This conclusion was derived from *City of New York v. Feiring,* 313 U.S. 283, 285, 61 S.Ct. 1028, 1029, 85 L.Ed. 1333 (1941). The court found (at p. 162) that workers' compensation premiums were "pecuniary obligations imposed by the government for the purpose of defraying the expenses of an undertaking which it authorized", and were therefore to be treated as taxes.

In *In re Mansfield Tire and Rubber Co.,* 660 F.2d 1108 (6th Cir.1981), a case decided under the Bankruptcy Code which primarily dealt with the application of the automatic stay provision, 11 U.S.C. § 362, the Sixth Circuit made the somewhat ambiguous observation that claims for unpaid premiums against the bankrupt employers are entitled to priority under § 64(a)(4) of the Bankruptcy Act of 1898, relying upon *In re Pan American Paper Mills, Inc., supra.* The reason that the observation is ambiguous is that the court in *Mansfield* appeared to be discussing the state of the law under the Bankruptcy Code, and it is reasonable to believe that the court in *Mansfield* was accepting for Bankruptcy Code purposes the holding of *Pan American Paper Mills.* At the same time, one cannot be certain that the court in *Mansfield* meant so to hold definitively because that was not the primary thrust of the case.

The question is troublesome because the priority statute under the Bankruptcy Code, § 507, differs from that under the Bankruptcy Act of 1898, § 64. The Bankruptcy Code speaks about priority of taxes at § 507(a)(7) as follows:

### 11 U.S.C.S. § 507. Priorities

(a) The following expenses and claims have priority in the following order:

\*    \*    \*    \*    \*    \*

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title [11 USCS § 523(a)(1)(B) or (a)(1)(C)], not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three

years immediately preceding the date of the filing of the petition;

(F) a customs duty arising out of the importation of merchandise—

(i) entered for consumption within one year before the date of the filing of the petition;

(ii) covered by an entry liquidated or reliquidated within one year before the date of the filing of the petition; or

(iii) entered for consumption within four years before the date of the filing of the petition but unliquidated on such date, if the Secretary of the Treasury certifies that failure to liquidate such entry was due to an investigation pending on such date into assessment of anti-dumping or countervailing duties or fraud, or if information needed for the proper appraisement or classification of such merchandise was not available to the appropriate customs officer before such date; or

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

\*    \*    \*    \*    \*    \*

It will be seen that premiums for workers' compensation are nowhere mentioned in this statute. Claimant nevertheless asserts that such premiums fall within the category at (E) above, and constitute an excise tax. We are thus faced with the question of whether *Pan American Paper Mills* can be said still to be valid under the Bankruptcy Code, or whether a change was wrought in the law, wittingly or unwittingly, by the Congress when it undertook to specify kinds of taxes entitled to priority, instead of the simple all-embracing statement about taxes which was employed in the Bankruptcy Act.

"Excise tax" requires definition. "Excise" is defined in Black's Law Dictionary, Fifth Ed., as:

A tax imposed on the performance of an act, the engaging in an occupation, or the enjoyment or a privilege.

The following appears at 71 Am.Jur.2d, State and Local Taxation, § 28:

The obligation to pay an excise is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise, and the element of absolute and unavoidable demand is lacking. It is said that an excise tax is a charge imposed upon the performance of an act, the enjoying of a privilege, or the engaging in an occupation, a tax laid upon the manufacturer, sale, or consumption of commodities within the country, upon licenses to pursue certain occupations and upon corporate privileges; a tax upon a pursuit, trade, or occupation, which generally takes the form of an exaction for a license fee to pursue the particular occupation ...

In *In re Pennsylvania Iron and Coal Co., Inc.*, 40 B.R. 918 (Bkrtcy.S.D.Ohio W.D.1984), Judge Anderson, in dealing with the issue which is before us, sharpened the definition of excise tax saying:

An excise is an exercise of governmental authority more inclusive in connotation than taxes imposed directly by the legislature without assessment. An excise is an impost for the right or license to engage in certain businesses or dealings, finding support for these statements in *East Ohio Gas Co. v. Tax Commission of Ohio*, 43 F.2d 170, 172 (S.D. Ohio E.D.1930).

From the foregoing, it is our conclusion that the holding in *Pan American Paper Mills, Inc.*, cited with approval in this circuit in *Mansfield*, continues to be valid under the Bankruptcy Code. The language employed by the court in *Pan American Paper Mills* at p. 162 concluding that workers' compensation premiums were taxes under § 64 of the Bankruptcy Act because they were pecuniary obligations imposed by the government for the purpose of defraying the expenses of an undertaking which it authorized, squares entirely with the language by which "excise tax" is defined.

We hold therefore in favor of claimant, that the claim for workers' compensation unpaid premiums agreed by the parties to

be in the amount of $14,064.10 is entitled to priority under § 507(a)(7)(E).

So Ordered.