In re C–T VIRGINIA, INCORPORATED, Debtor.

UNITED STATES of America, Appellant,

v.

UNSECURED CREDITORS' COMMITTEE OF C–T OF VIRGINIA, Appellee.

No. 687–01155.
Civ. A. No. 91–0026–L.

United States District Court, W.D. Virginia, Lynchburg Division.

Oct. 30, 1991.

George H. Fralin, Jr., Fralin, Freeman & Kinnier, P.C., Lynchburg, Va., Unsecured Creditors' Committee.

Joseph Braunstein, Riemer & Braunstein, Boston, Mass., Creditors' Committee.

Gerald A. Role, U.S. Dept. of Justice, Tax Div., Washington, D.C.

## MEMORANDUM OPINION

KISER, District Judge.

This matter is before me on appeal from the Bankruptcy Court. The United States of America has appealed the Bankruptcy Court's decision that the government's claim of an excise tax under 26 I.R.C. § 4980 is not entitled to priority under § 507(a)(7)(E) of the Bankruptcy Code. Based upon an examination of the Bankruptcy Code, its legislative history and relevant case law, the decision of the Bankruptcy Court is reversed and the case remanded for proceedings consistent with this opinion.

## BACKGROUND

The Internal Revenue Service filed as part of Claim No. 692 an unsecured priority claim under 11 U.S.C. § 507(a)(7) for $285,-443.35 plus $1,788.37 interest. The claim is based upon 26 U.S.C. § 4980 which imposes an excise tax on an employer equal to 10% of the assets of a qualified pension plan when the assets of such plan revert to the employer. Within three years prior to the commencement of this case the debtor terminated a qualified pension plan as defined in 26 U.S.C. § 4980(c)(1). When the plan was terminated the debtor received an employer reversion as defined in 26 U.S.C. § 4980(c)(2). The parties stipulated that the amount of the tax claimed by the Internal Revenue Service was computed correctly.

By its Order of May 3, 1991 the Bankruptcy Court determined that the tax claimed under § 4980 was not for the purpose of raising revenue or in compensation for actual pecuniary loss entitling the United States to priority, but was, instead, an exaction imposed as a penalty. 128 B.R. 628. This determination cannot be sustained.

## DISCUSSION

At issue is whether a tax styled by Congress as an "excise tax" is automatically entitled to priority or whether such tax may be independently analyzed, adjudged a penalty, and thereby be subordinated to the claims of other creditors under Section 507(a)(7)(E) of the Bankruptcy Code.

Section 507(a)(7)(E) of the Bankruptcy Code allows for priority payment on:

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;

Relying upon *In re: Mansfield Tire & Rubber Co.*, 80 B.R. 395 (Bankr.N.D.Ohio 1987), *aff'd*, 120 B.R. 862 (N.D.Ohio 1990) the Bankruptcy Court accepted the argument of the Creditors' Committee of C–T of Virginia in finding that the government's claim under 26 I.R.C. § 4980 was not a tax imposed for the purpose of raising revenue, but was instead, within the meaning of *Mansfield,* an exaction as "punishment for an unlawful act." *Id.* Subsequent to the Bankruptcy Court's ruling, the Court of Appeals for the Sixth Circuit reversed *Mansfield* and held that courts are not free to look behind the designation given a federal exaction by Congress when determining priority under the Bankruptcy Code. *United States v. Mansfield Tire and Rubber Co.*, 942 F.2d 1055 (6th Cir.1991).

The approach adopted by the Bankruptcy Court, however, is not inconsistent with that employed by the Fourth Circuit. I disagree not with the Bankruptcy Court's methodology but with its conclusion.

The Fourth Circuit affords priority to "those pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it." *New Neighborhoods v. West Virginia Workers' Comp. Fund.*, 886 F.2d 714, 718 (4th Cir.1989) *citing City of New York v. Feiring*, 313 U.S. 283, 285, 61 S.Ct. 1028, 1029, 85 L.Ed. 1333 (1941). *New Neighborhoods* defines an excise tax as "an indirect tax, one not directly imposed upon persons or property [citation omitted], and is one that is 'imposed on the performance of an act, the engaging in any occupation, or the enjoyment or [sic] a privilege.' " *Id.* at 719 [citation omitted]. The name given to the exaction by a legislative body is not conclusive, however, even when that legislative body is the United States Congress. *See Matter of Kline*, 403 F.Supp. 974, 978 (Md. 1975) *aff'd*, 547 F.2d 823 (4th Cir.1977). In *Kline* the court held that a "tax" imposed for self dealing upon a manager of a tax exempt private foundation on balance had more of the attributes of a penalty than of a tax. By a similar analysis, I find the

excise tax under 26 I.R.C. § 4980, imposed upon C–T of Virginia on the assets it received in the reversion of its terminated qualified plan partake substantially more of the attributes of an excise tax than of a penalty.

Many of the excise taxes of the Internal Revenue Code contained under Subtitles D (Miscellaneous Excise Taxes, which include § 4980) and E (Alcohol, Tobacco and Certain Other Excise Taxes) are levied against conduct and as such are consistent within the parameters of *New Neighborhoods.* Such excise taxes encompass, *inter alia*, § 4064 (gas guzzler tax), § 4681 (tax on ozone-depleting chemicals), § 4702 (tax on "registration required" obligations issued in bearer form), § 4941 *et seq.* (tax on undistributed income, speculative investments, etc. of private foundations), § 4999 (tax on "golden parachute" payments), § 5881 (tax on "greenmail"). I find little to distinguish these sections of the code assessing excise taxes upon so a broad range of conduct from that of 26 I.R.C. § 4980 in which Congress has denominated an excise tax to be levied against an employer who receives a reversion of the assets of a qualified plan from whose tax-exempt status the employer has previously benefitted. I find that 26 I.R.C. § 4980 is a monetary exactment which more closely comports to the definition of an excise tax as articulated in *New Neighborhoods* and is not clearly a penalty as analyzed in *Kline.*

## CONCLUSION

For the reasons stated above, the decision of the Bankruptcy Court is reversed as to its holding that 26 I.R.C. § 4980 constitutes a penalty for purposes of priority under 11 U.S.C. § 507(a)(7)(E).