BRORBY, Circuit Judge,
dissenting.
Over five decades ago, the Supreme Court defined a “tax” for bankruptcy priority purposes to be a “pecuniary burden[ ] laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it.” City of New York v. Feiring, 313 U.S. 283, 285, 61 S.Ct. 1028, 85 L.Ed. 1333 (1941) (construing earlier version of bankruptcy statute). Years later, in 1982, the Ninth Circuit created a four-factor analysis, initially proposed by one of its district courts, that was intended to flesh out the Supreme Court’s definition. County Sanitation District No. 2 of Los Angeles County v. Lorber Indus. of Calif., Inc. (In re Lorber Indus., of Calif, Inc.), 675 F.2d 1062, 1066 (9th Cir.1982). I was a member of the only panel of this court, before this case, to employ the Ninth Circuit’s four-factor analysis, United States v. Dumler (In re Cassidy), 983 F.2d 161, 163-64 (10th Cir.1992); however, the facts of this case put that analysis in a new light and demonstrate to me a serious flaw in its construction. Therefore, I must dissent from the application of that analysis in this case.
■ As the majority notes, applying the Lorber analysis, an obligation is a “tax” for bankruptcy priority purposes if it is:
(a) An involuntary pecuniary burden, regardless of name, laid upon the individuals or property;
(b) Imposed by, or under authority of the legislature;
(c) For public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;
(d) Under the police or taxing power of the state.
In re Lorber, 675 F.2d at 1066. The third prong of this analysis is too broad. Specifically, the use of “for public purposes” renders it overly inclusive.
I agree with the Sixth Circuit that the emphasis on “public purpose” in the third prong of this analysis is misplaced and may cause great mischief. See Yoder v. Ohio Bureau of Workers’ Compensation (In re Suburban Motor Freight, Inc.), 998 F.2d 338, 340-41 (6th Cir.1993). That circuit recognized the flaw in the “for public purposes” language and altered its analysis accordingly. We should do the same. If one defines a tax as a pecuniary burden laid upon individuals or property “for public purposes,” any state-mandated obligation becomes a “tax.” For example, under this analysis, mandatory car insurance premiums would probably constitute a “tax.” Cf. Williams v. Motley, 925 F.2d 741 (4th Cir.1991) (employing In re Lorber analysis to find state-imposed uninsured motorist fees are taxes for bankruptcy priority purposes). "The threat of the Lor-ber reasoning, then, is that the Government automatically wins priority for all money any debtor owes it, regardless of the nature of the payments.... This would turn on its head the traditionally egalitarian manner in which the Bankruptcy Code has dealt with competing creditors_” Yoder, 998 F.2d at 341.
The majority’s analysis with respect to the issue in this case exemplifies one of the problems with the Lorber analysis: the third prong weeds nothing out.[1] In this case, the *1281 majority dispatches the third prong by quoting another circuit’s conclusion that “the Coal Act serves a public purpose.” Arguably, all acts of Congress serve a public purpose. To have any real discriminating effect, the requirement should be restricted to obligations that serve a purpose of supporting the government, as the Feiring ease appears to require.
More recent Supreme Court decisions also appear to require a more narrow interpretation of “tax” in these circumstances. In 1996, the Supreme Court had occasion to revisit this issue in United States v. Reorganized CF & I Fabricators of Utah, Inc., 518 U.S. 213, 116 S.Ct. 2106, 135 L.Ed.2d 506 (1996). In that ease, the court stated “a tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the Government.” Id. at 224, 116 S.Ct. 2106 (quoting New Jersey v. Anderson, 203 U.S. 483, 492, 27 S.Ct. 137, 51 L.Ed. 284 (1906)). This strikes me as a more carefully tailored definition than “for a public purpose.” The majority says the Supreme Court, in CF & I, “employed the same functional analysis found in Chateaugay.” This is not totally accurate. In CF & I, the Court reaffirmed the vitality of the Feiring line of cases, but it did not employ, or even mention, the four-prong analysis that formed the basis of the Cha-teaugay decision. I believe this circuit should amend the third prong to conform more closely to the Supreme Court’s definition of tax by shifting the focus from “for public purposes” to “for the purpose of supporting the Government.”

. Our earlier decision in Cassidy also demonstrates the "for public purposes” language may not serve its purpose of effectively discriminating among taxes and non-taxes. In that case, the inquiry hinged on whether the third prong had been met. Cassidy, 983 F.2d at 163. Because the purpose of the statute in question was unclear, this court determined the third prong was inconclusive and had to turn to general bankruptcy policy to decide the case. Id. at 164-65.