In re Steven L. VOIGHTMAN, Debtor.

**North Dakota Workers' Compensation Bureau, Plaintiff,**

v.

**Steven L. Voightman, Voightman Trucking, and James River Dispatch, Defendants.**

Bankruptcy No. 98–31430.
Adversary No. 98–7078.

United States Bankruptcy Court,
D. North Dakota.

April 15, 1999.

Brad A. Sinclair, Fargo, ND, for defendant/debtor.

Leo F.J. Wilking, Fargo, ND, Daniel Rouse, for plaintiff.

## MEMORANDUM OPINION AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Plaintiff North Dakota Workers' Compensation Bureau ("Bureau") filed its Complaint Objecting to Discharge of Debtor Steven L. Voightman ("Voightman") on November 12, 1998, and seeks to have the sum of $21,497.92 declared nondischargeable in Voightman's bankruptcy proceedings pursuant to 11 U.S.C. § 523(a)(1)(A). Voightman answered on December 8, 1998, denying that any indebtedness which he might have to the Bureau is nondischargeable. The case was submitted to the Court on March 16, 1998, with the simultaneous filing of both parties' respective trial briefs and exhibits, as well as a Joint Statement of Stipulated Facts. Simultaneous reply briefs were filed by the parties on March 26, 1999. The following now constitutes this Court's findings of fact and conclusions of law:

## I. FINDINGS OF FACT

Voightman is the owner of numerous semi-tractors and trailers and, in this connection, operates a trucking business based in Oakes, North Dakota, under the name of Voightman Trucking. Since July 1, 1993, Voightman has hired various employees to conduct his business, that is, driving his semi-tractors and trailers for the transport of various commodities for farmers. Voightman thereby became subject to the provisions of the North Dakota Workers' Compensation Act ("NDWCA"), North Dakota Century Code ("N.D.C.C.") § 65–01–01 et seq. ·

Since September 30, 1995, Voightman has been assessed employer premiums by the Bureau totaling $19,180.33 for the period of July 1, 1993, through June 30, 1998. Of this amount, Voightman has already paid a total of $4,050.29, leaving a current balance of $15,130.04 in unpaid premiums due the Bureau. For purposes of this matter, the Bureau and Voightman have expressly stipulated that if the unpaid premiums are declared nondischargeable, then Voightman is also liable to the Bureau for the sum of $6,367.88 which constitutes interest and penalties as compensation for *actual pecuniary loss* pursuant to 11 U.S.C. § 507(a)(8)(G).

Voightman filed a petition for relief under Chapter 7 of the Unites States Bankruptcy Code, 11 U.S.C. § 101 et seq., on August 21, 1998. The Bureau commenced this Adversary Proceeding by Complaint filed on November 12, 1998, seeking to have its claim for unpaid workers' compensation premiums, interest, and penalties which have accrued since August 21, 1995, declared nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). In this connection, the Bureau asserts this indebtedness constitutes "excise taxes" pursuant to 11 U.S.C. § 507(a)(8)(E).

## II. CONCLUSIONS OF LAW

### 1. Nondischargeability

■ Taxes which receive priority status under 11 U.S.C. § 507(a)(8) are nondischargeable under Chapter 7 of the Code. 11 U.S.C. § 523(a)(1)(A).[1] In this respect, § 507(a)(8) provides that:

(a) The following expenses and claims have priority in the following order:

. . . .

(A) of the kind and for the periods specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed[.]

11 U.S.C. § 523(a)(1)(A).

---

1. Section 523 provides, in pertinent part, as follows:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition[.]

11 U.S.C. § 507(a)(8)(E).

 Further, the pre-petition interest which accrues on such unpaid premiums is also entitled to priority status under § 507(a)(8), and thus, too, becomes nondischargeable. *See In re Mosbrucker*, 220 B.R. 656, 659 (Bankr.D.N.D.), *aff'd, Mosbrucker v. U.S. (In re Mosbrucker)*, 227 B.R. 434 (8th Cir. BAP 1998). Penalties, however, are only nondischargeable if "related to a claim of the kind specified in [§ 507(a)(8) (i.e. § 507(a)(8)(E))] and in compensation for actual pecuniary loss." 11 U.S.C. § 507(a)(8)(G).

Therefore, if the Bureau's claim for unpaid workers' compensation premiums is in the nature of "excise taxes" as defined by § 507(a)(8)(A), it will become nondischargeable pursuant to § 523(a)(1)(A), along with its pre-petition interest under either *Mosbrucker, supra,* or the parties' stipulation. Moreover, the Bureau's penalty claim will become nondischargeable pursuant to the party's stipulation. The sole issue before the Court, then, is that related to "excise taxes."

2. Nature of the Unpaid Premiums

 The Bankruptcy Code does not define the term "tax" or "excise tax" for purposes of 11 U.S.C. § 507. *See In re Park*, 212 B.R. 430, 432 (Bankr.D.Mass. 1997). Thus, whether an obligation consti-

tutes a tax within the meaning of the Code must be otherwise determined by federal law. *See City of New York v. Feiring*, 313 U.S. 283, 283, 61 S.Ct. 1028, 1029, 85 L.Ed. 1333 (1941); *Ohio Bureau of Workers' Compensation v. Yoder (In re Suburban Motor Freight, Inc.)*, 36 F.3d 484, 487 (6th Cir.1994). In *Feiring*, the Supreme Court defined the term as being, "those pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it." 313 U.S. at 285, 61 S.Ct. at 1029. The United States Court of Appeals for the Ninth Circuit has since refined that definition in *In re Lorber Industries of California, Inc.*, 675 F.2d 1062 (9th Cir. 1982), as follows:

[T]he elements which characterize an exaction as a "tax" ... are as follows:

(a) An involuntary pecuniary burden, regardless of name, laid upon individuals or property;

(b) Imposed by, or under authority of[,] the legislature;

(c) For public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;

(d) Under the police or taxing power of the state.

*Id.* at 1066 (citation omitted); *see Waldo v. Montana Dep't of Labor & Indus. Uninsured Employers' Fund (In re Waldo)*, 186 B.R. 118, 121 (Bankr.D.Mont.1995), *aff'd*, 108 F.3d 340 (9th Cir.1997). Further, and with respect to the meaning of "excise tax," Black's Law Dictionary defines the term as being:

A tax imposed on the performance of an act, the engaging in an occupation, or the enjoyment of a privilege. Tax laid on manufacture, sale, or consumption of commodities or upon licenses to pursue certain occupations or upon corporate privileges. In current usage the term has been extended to include various

license fees and practically every internal revenue tax except the income tax. *Black's Law Dictionary* 506 (5th ed.1979) (citation omitted).

This Court has previously applied the *Lorber* definition for purposes of construing § 507. *See In re Skjonsby Truck Line,* 39 B.R. 971, 972–73 (Bankr. D.N.D.1984). Applying the four-pronged *Lorber* qualifications in the instant matter, Voightman's unpaid obligations for workers' compensation premiums must be considered as taxes, and more specifically, as excise taxes for purposes of § 507(a)(8)(E). As this Court has previously stated, "[T]he [NDWCA] ... provides for a monopolistic and exclusive method of providing for workers' compensation within the State of North Dakota. Private insurance is not permitted." *See Vogel v. North Dakota* (*In re Vogel*), Bankr.No. 95–30126/Adv. No. 95–7041 (Bankr.D.N.D. Nov. 27, 1995); *see also Zimmerman v. Valdak Corp.,* 570 N.W.2d 204, 206 (N.D.1997) ("Four separate sections in the North Dakota Century Code state that workers' compensation is the exclusive remedy for injured employees."). Further, the NDWCA "was created to provide sure and certain relief to employees." *Zimmerman, supra; see* N.D.C.C. § 65–01–01 ("[T]he prosperity of the state depends in large measure upon the well-being of its wage workers, and, hence, ... sure and certain relief is hereby provided...."). Additionally, the NDWCA is an exercise of North Dakota's "police and sovereign powers." N.D.C.C. § 65–01–01. Thus, in the matter at hand, the Court is satisfied that the workers' compensation premiums bear all of the characteristics of a tax obligation. They are involuntary, imposed by the legislature, benefit the general public by providing a stable funding program, and fall under the police or taxing powers of the state. Moreover, "[c]laims for unpaid [workers' compensation] premiums are generally found to be priority tax claims when a state requires all employers to purchase workers' compensation insurance from the state, with no private insurance option." *In re Park,* 212 B.R. at 435 (and cases cited therein); *see, e.g., In re Chateaugay Corp.,* 177 B.R. 176, 183–84 (S.D.N.Y.1995), aff'd, 89 F.3d 942 (2d Cir. 1996).

## III. CONCLUSION

For the foregoing reasons, unpaid workers' compensation premiums due the North Dakota Workers' Compensation Bureau in the amount of $15,130.04, along with interest and penalties accrued thereon in the amount of $6,367.88, and aggregating $21,497.92, are entitled to priority under 11 U.S.C. § 507(a)(8)(E), and are thus nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

**SO ORDERED.**