In re SHARED SAVINGS
CONTRACTS, INC.,
Debtor.

Employer Solutions, Inc., Plaintiff,

v.

United States of America Department
of the Treasury Internal Revenue
Service,

and

Shared Savings Contracts, Inc.,

and

Ohio Bureau of Workers'
Compensation.

Bankruptcy No. 01–42911–293.
Adversary No. 01–4303–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Dec. 6, 2001.

David A. Warfield, St. Louis, MO, for Debtor.

Richard W. Engel, Jr., John Cowling, Armstrong Teasdale, St. Louis, MO, for Plaintiff.

Martin M. Shoemaker, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for U.S. Dept. of Treasury.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Bankruptcy Judge.

Employer Solutions, Inc. ("ESI") filed this adversary complaint seeking a declaration that it was not the common law nor statutory employer under Section 3401(d) of the Internal Revenue Code, 26 U.S.C. § 3401(d), of certain employees it had leased to Shared Savings Contracts, Inc. ("SSC"). Because Congress had not waived the Internal Revenue Services's ("IRS") sovereign immunity concerning the type of claim contained in ESI's complaint, this Court lacks subject matter jurisdiction over ESI's complaint with respect to the IRS. Further, because the IRS is an indispensable party to the complaint, the complaint must be dismissed against the remaining parties.

### PROCEDURAL & FACTUAL BACKGROUND

ESI and SSC entered into an agreement (the "Agreement") in December 1997 whereby ESI leased employees to SSC. Under the terms of the Agreement, ESI was responsible for withholding, reporting and remitting payroll taxes to state taxing authorities and the IRS for all non-Missouri based employees (the "Subject Employees"). SSC was obligated under the Agreement to forward to ESI sufficient funds to pay both the payroll taxes and the net wages to the Subject Employees.

Beginning in December 1999, SSC failed to remit to ESI a sufficient amount of cash to fund the payment of the payroll taxes. ESI, however, continued to pay those taxes to the various taxing authorities until March 2000. At that time, ESI began to only report the amount of payroll taxes owed but did not remit any amounts to the taxing authorities.

The various taxing authorities demanded that ESI pay the payroll taxes reflected on the reports that it had been filing. ESI in turn made a demand on SSC to remit to it payment sufficient to fund the payment of the delinquent payroll taxes. From March 2000 through sometime in late 2000, SSC did pay ESI a portion of the payroll taxes that ESI had remitted to the taxing authorities. SSC then ceased remitting payment to ESI for the past due taxes. ESI finally terminated the Agreement for cause in February 2001.

SSC filed for protection under Chapter 11 of the Bankruptcy Code on March 16, 2001. ESI filed a proof of claim against the bankruptcy estate in the amount of $261,781.74. This claim consists of the following: (1) $70,000 for unpaid payroll taxes due to the IRS; (2) $41,738.74 for unpaid worker's compensation and unemployment insurance owed to the Canadian IRS and various state governmental units; and (3) $150,000 for the funds that ESI advanced to the IRS for payroll taxes from December 1999 through March 2000. ESI has filed a request for a refund of the $150,000 it has already remitted to the IRS. ESI contends that its claim should be afforded priority status under 11 U.S.C. § 507(a)(8) because it is asserting its claim on behalf of both itself and the various taxing authorities.[1]

At the direction of the Court, ESI contacted the various taxing authorities and

---

1. SSC has objected to the amount and priori-    ty status of ESI's claim.

notified them of the bar date for the filing of governmental claims against the estate. The IRS and the Ohio Bureau of Worker's Compensation were the only two governmental entities that filed a proof of claim against the estate. The IRS's proof of claim was in the amount $75,000, consisting of the amount of outstanding payroll taxes. The IRS and SSC reached an agreement settling the IRS's proof of claim. Under the terms of the agreement, the IRS received immediate payment of $50,000 as a priority administrative claim and the remaining $25,000 portion of its claim will be a general unsecured claim. The IRS, in exchange for the immediate payment of the $50,000, stipulated that it will not pursue any additional claims against SSC for pre-petition tax liability.[2] SSC paid the claim of the Ohio Bureau of Worker's Compensation in full.

ESI filed the present adversary complaint, seeking a declaration that it was not the common law nor statutory employer of the Subject Employees under 26 U.S.C. § 3401(d). The IRS filed a motion to dismiss, arguing that under the doctrine of sovereign immunity, this Court lacks jurisdiction to adjudicate ESI's claim with respect to the IRS. Because ESI's complaint does not invoke a statute in which Congress has expressly abrogated sovereign immunity, the IRS's motion will be granted. Also, because the IRS is an indispensable party to ESI's complaint, the complaint must be dismissed.

## DISCUSSION

### A. The IRS's Sovereign Immunity Claim

■ The IRS, as a unit of the Federal Government, enjoys sovereign immunity against suits in Federal Courts unless Congress has consented to such suits.

*Miller v. Alamo Foundation,* 134 F.3d 910, 915–16 (8th Cir.1998). Congress' consent to such a suit must be unequivocal. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). Thus, any statute that purportedly waives immunity must be strictly construed in favor of the sovereign. *Id.* at 34, 112 S.Ct. 1011.

Here, ESI contends that Congress waived sovereign immunity with respect to its complaint for two reasons. First, ESI argues that Congress waived sovereign immunity with respect to the present adversary complaint because the complaint invokes the general jurisdiction of this Court under 28 U.S.C. §§ 157 and 1334. Second, ESI maintains that Congress abrogated the IRS's sovereign immunity with respect to ESI's complaint because the complaint invokes this Court's specific jurisdiction to determine tax liability under 11 U.S.C. § 505(a)(1). The Court disagrees with ESI's contention that Congress has abrogated the IRS's sovereign immunity with respect to its adversary complaint.

■ ESI first argues that 28 U.S.C. §§ 157 and 1334, which confers general jurisdiction to the district court to hear and refer cases arising under the Code to bankruptcy courts, is a Congressional intent to waive sovereign immunity with respect to cases arising in or arising under the Code. The Supreme Court rejected that argument in *Nordic Village* because merely conferring general jurisdiction to federal courts generally is not a sufficiently clear Congressional consent to allow specific suits against governmental units. *Id.* at 37–38, 112 S.Ct. 1011. Therefore, 28 U.S.C. §§ 157 and 1334 is not an abrogation of sovereign immunity. *Id.*

---

**2.** The IRS confirmed the terms of the agreement on the record at the hearing on the present motion.

■ ESI also states that 11 U.S.C. § 106(a) is applicable to ESI's adversary complaint and waives the IRS's sovereign immunity. Section 106(a) provides that sovereign immunity is abrogated with respect to actions arising under certain provisions of the Code. Specifically, in the present case, ESI contends that its adversary complaint arises under § 505(a)(1), which is one of the sections enumerated in § 106(a).

Section 505(a)(1) states in relevant part that "[T]he court may determine the amount or legality of any tax." ESI asserts two bases in contending that § 505(a)(1) is applicable here. First, ESI contends that the determination of its tax liability will affect the tax liability of SSC. ESI premises its argument on the rationale that if it is not liable to the IRS for the payroll taxes, its claim against the estate will be reduced accordingly. The Court rejects this argument for two reasons.

■ First, the scope of § 505(a)(1) is limited to the adjudication of the debtor's unpaid tax liability. It is true that the literal language of the statute indicates that the bankruptcy court has the power to adjudicate *any* tax. (Emphasis Added). The majority of courts, however, has limited the scope of § 505(a)(1) to only conferring jurisdiction to bankruptcy courts to determine the debtor's unpaid tax liability. The Courts adopts this majority approach in construing the scope of § 505(a)(1).

The legislative history of § 505(a)(1) clearly indicates that Congress only intended to confer the bankruptcy court with the power to adjudicate the unpaid tax liability of the debtor. *Quattrone Accountants, Inc. v. Internal Revenue Service,*

895 F.2d 921, 925 (3d Cir.1990) (quoting 1978 U.S.Code Cong. & Admin. News 5787, 5853). Allowing bankruptcy courts to consider the "amount or legality of any tax" as provided in the literal language of the statute would transform bankruptcy courts into a secondary tax court system. *See Michigan Employment Security Comm. v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1139 (6th Cir.1991). This is clearly contrary to Congress' intent as expressed in the legislative history of § 505(a)(1). *Id.* Accordingly, this Court adopts the majority construction of § 505(a)(1) that limits its scope to conferring jurisdiction to issues involving the unpaid tax liability of the debtor.[3]

Here, the determination of whether ESI is liable to the IRS for the payroll taxes in dispute will not have an impact on SSC's tax liability. SSC has entered into a settlement agreement with the IRS in which the IRS has stipulated that it will not pursue any additional claim against SSC for pre-petition tax liability. Thus, regardless of whether or not ESI is liable to the IRS for the payroll taxes, SSC's tax liability has been settled. Accordingly, the adjudication of ESI's adversary complaint can only affect ESI's potential tax liability.

■ Second, ESI's argument that its adversary complaint invokes this Court's jurisdiction under § 505(a)(1) fails because any liability that SSC may have to ESI as a result of SSC's status as the employer under 26 U.S.C. § 3401(d) cannot be a "tax" for purposes of the Code. Under the Code, a tax is a "pecuniary burden laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or

---

**3.** Even courts that have adopted the minority position that § 505(a)(1) does give the bankruptcy court the power to adjudicate the tax liability of non-debtors have limited that juris-diction to situations where such a determination may have an impact on the tax liability of the debtor. *See e.g. In re Schmidt,* 205 B.R. 394, 397–98 (Bankr.N.D.Ill.1997).

of undertakings authorized by it." *North Dakota Workers Compensation Bureau v. Voightman (In re Voightman)*, 239 B.R. 380, 383 (8th Cir. BAP 1999) (quoting *City of New York v. Feiring)*, 313 U.S. 283, 285, 61 S.Ct. 1028, 85 L.Ed. 1333 (1941). Thus, a tax under the Code must be a payment compelled by a governmental unit exercising its police or taxing power and the revenues generated from the payment must benefit the public at large. *County Sanitation Dist. No. 2 v. Lorber Indus. (In re Lorber Indus.)*, 675 F.2d 1062, 1066 (9th Cir.1982); *Voightman*, 239 B.R. at 383–84; *In re Sacred Heart Hosp.*, 212 B.R. 467, 472 (E.D.Pa.1997). Therefore, a payment to a private party under a contract is not a "tax" under the Code. *See Id.*

Here, any payment from SSC to ESI would be under the Agreement and not compelled by any governmental unit exercising its police or taxing power. Also, any payment to ESI would benefit ESI, not the public at large. Accordingly, any payment that SSC would be required to make to ESI as a result of SSC's status as the employer could not be construed as a "tax" under the Code. Therefore, even if the present adversary complaint may affect SSC's liability to ESI, such liability is not a "tax" under the Code and § 505(a)(1) is inapplicable.

ESI also argues that the present adversary complaint invokes this Court's jurisdiction under § 505(a)(1) because a determination of whether it or SSC is the employer will determine whether SSC's payment to the IRS was a tax payment. As discussed above, § 505(a) is limited in scope to conferring bankruptcy courts with the power to determine the amount or legality of the debtor's *unpaid* tax liability. *Quattrone*, 895 F.2d at 925. (Emphasis Added). SSC's tax liability was settled in the agreement with the IRS. Thus, regardless of whether SSC's pay-

ment to the IRS was in satisfaction of its tax liability, the adjudication of ESI's adversary complaint can in no way affect SSC's unpaid tax liability. Accordingly, the relief sought in ESI's complaint simply exceeds the limited scope of § 505(a).

In conclusion, there is no provision under the Code in which Congress has abrogated the IRS's sovereign immunity with respect to the relief sought in ESI's adversary complaint. Thus, this Court lacks subject matter jurisdiction over ESI's complaint with respect to the IRS. Accordingly, the IRS's motion to dismiss is granted.

## B. The IRS is an Indispensable Party to this Action

■ Because this Court lacks jurisdiction over ESI's claim with respect to the IRS, the Court must determine whether ESI's adversary complaint can proceed in the IRS's absence. Rule 19(b) of the Federal Rules of Civil Procedure, which is made applicable to this adversary proceeding under Fed. R. Bankr.P. 7019, requires dismissal of an action if an absent necessary party is indispensable to the continuation of the action. Clearly, the IRS is a necessary party to ESI's complaint under Rule 19(a). If ESI were to prevail in its action, the IRS's interest in ESI's pending claim for a refund. Thus, the IRS is a necessary party to the action under Rule 19(a)(2)(i).

■ If a necessary party cannot be joined in the action, the court must dismiss the action if in equity and good conscience, it finds that the absent party is indispensable. Fed.R.Civ.P. 19(b). Whether the absent necessary party is indispensable is a fact intensive analysis that must be determined in the context of the particular litigation. *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 746 (8th Cir.2001). Rule 19(b) specifically outlines the follow-

ing four factors in determining whether the absent party is indispensable: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or the present parties; (2) the extent to which, by protective provision in the judgment, the court could protect the absent party; (3) whether a judgment entered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed.

After reviewing the facts presented here, the Court finds that in equity and good conscience, ESI's adversary complaint cannot proceed without the IRS. First, as stated above, the determination of whether ESI is the employer could prejudice the IRS's position *vis-a-vis* ESI's pending claim for a refund. Thus, ESI's position in the present adversary complaint is adverse to the IRS's position. Such a situation militates strongly against allowing the action to proceed without the IRS. *See Spirit Lake Tribe*, 262 F.3d at 747–48. Also, the Court finds that it would be unable to protect the IRS's position if ESI's complaint were to proceed. Finally, ESI does have an alternative forum to pursue the IRS for a determination of its tax liability and it has already filed an action in that forum.

In conclusion, the facts in the present litigation weigh strongly in favor of finding that the IRS is an indispensable party to ESI's adversary complaint under Rule 19(b). Thus, because the Court lacks jurisdiction over the IRS, ESI's adversary complaint must be dismissed.

### CONCLUSION

ESI's complaint does not invoke any provision of the Bankruptcy Code in which Congress has abrogated the IRS's sovereign immunity. Thus, the Court lacks subject matter jurisdiction to adjudicate ESI's adversary complaint with respect to

the IRS. Also, the IRS is an indispensable party to ESI's action. Therefore, ESI's complaint cannot proceed in the absence of the IRS. Accordingly, ESI's complaint must be dismissed.

An Order consistent with this Memorandum Opinion will be entered this date.