In re Dean DOWNS, a single
person, Debtor.

Dean DOWNS, a single
person, Plaintiff,

v.

Gene MAUDLIN, Public Utility
Commissioner of Oregon,
Defendant.

Bankruptcy No. 85–02009T.
Adv. No. A87–31787.

United States Bankruptcy Court,
W.D. Washington,
at Tacoma.

Aug. 5, 1987.

Gilbert H. Kleweno, Vancouver, Wash., for plaintiff/debtor.

Mary Lou Calvin, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for defendant.

### MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT

ROBERT W. SKIDMORE,
Bankruptcy Judge.

This matter came before the undersigned judge of the above entitled court on June 19, 1987 for a pretrial conference on the debtor's complaint to determine the dischargeability of a debt. Gilbert H. Kleweno appeared on behalf of the debtor. Mary Lou Calvin represented the defendant. On July 10, 1987, the case was submitted to the court on the parties' briefs.

Debtor seeks a determination that the Oregon Public Utility tax (the tax) levied against Lacamas Trucking and him was discharged in his case under 11 U.S.C. Chapter 7. The determination of this issue depends upon whether or not the tax is a nondischargeable excise tax under 11 U.S.C. §§ 507(a)(7)(E), 523(a)(1)(A), or a dischargeable "fee."

11 U.S.C. § 523(a)(1)(A) provides:

(a) A discharge under ... this title ... does not discharge an individual debtor from any debt—

(1) for a tax ...

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) [of title 11] ...

Section 507(a)(7)(E) refers to certain "excise" taxes.

In defining the term "tax" in Section 64a of the Bankruptcy Act of 1898, the predecessor to 11 U.S.C. § 507(a)(7), the Ninth Circuit identified the following characteristics of a tax:

(a) An involuntary pecuniary burden, regardless of name;

(b) Imposed by or under the authority of the legislature;

(c) For public purposes;

(d) Under the police or taxing power of the state.

*County Sanitation Dist. No. 2 v. Lorber Industries of California, Inc. (In re Lorber Industries of California, Inc.)*, 675 F.2d 1062, 1066 (9th Cir.1982)

The tax, imposed under ORS 767.815 *et seq.*, is based upon the weight of the load and vehicle and the number of miles traveled. ORS 767.815, .820, .825. The money collected is used for the maintenance, operation, and construction of the highways and to pay the cost of administering "Motor Carrier" laws. It is involuntarily imposed, by the state legislature, presumably under the state's taxing or police power. Thus, the tax satisfies the *Lorber* definition set forth above.

The Sixth Circuit recently ruled that " 'the chief distinction [between a tax and a fee] is that a tax is an exaction for public purposes while a fee relates to an individual privilege or benefit to the payer.' " *Spiers v. Ohio DNR (In re Jenny Lynn Mining Co.)*, 780 F.2d 585, 588 (6th Cir.), *cert. denied, Ohio DNR v. Spiers (In re Jenny Lynn Mining Co.)*, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986), *quoting U.S. v. River Coal Co.*, 748 F.2d 1103 (6th Cir. 1984). In *U.S. v. River Coal Co.*, the court held that a flat permit fee that bestowed the basic privilege of mining was a fee, while additional fees imposed on the basis of the operator's volume of mining was a tax. 780 F.2d at 588. The court discounted the significance of the use to which the government puts the money collected, observing that most government imposed fees are used to support some public purpose, and that if that were the deciding factor, all such fees would be "taxes," nondischargeable in bankruptcy. *Id.* at 589. Under the Sixth Circuit's analysis, the Oregon tax is an excise tax because it is not a flat amount paid for the "bare" privilege of engaging in an activity, but is based upon the level or volume of that activity.

This court holds that the Oregon Motor Carrier Tax is an "excise tax," nondischargeable under 11 U.S.C. § 523(a)(1)(A). Accordingly, it is

ORDERED, that debtor's complaint is dismissed.