In re Clifford H. DAWSON and Linda M. Dawson, Debtors.

Clifford H. DAWSON and Linda M. Dawson, Plaintiffs,

v.

STATE OF OREGON, Defendant.

Bankruptcy No. 686–09095–R7.
Adv. No. 688–5081–R.

United States Bankruptcy Court, D. Oregon.

March 31, 1989.

Barry Taub, Eugene, Or., for plaintiffs.

David Hicks, Dept. of Justice, Salem, Or., for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE,
Bankruptcy Consultant.

This matter comes before the court upon the parties' cross motions for summary judgment.

## BACKGROUND

A review of the records and files herein and the parties' submissions show that the facts are largely undisputed. They are as follows:

Prior to the filing of their petitions for relief, debtor, CLIFFORD DAWSON, was engaged in the business of transporting logs or log trucking. As such, he incurred motor carrier "taxes" under O.R.S. 767.815 et seq.

In mid 1985, the State of Oregon Public Utility Commission (the Commission) conducted an audit of the tax debt owing between September, 1983 and April, 1985. As a result of the audit, the Commission assessed $743.66 representing under-paid taxes plus interest and penalties thereon. Further, a tax of $260 was assessed in November, 1985, also for under-payment of taxes. Late payment and interest charges continue to accrue on the unpaid taxes. At the time the petition was filed herein, Mr. Dawson owed approximately $877 in motor carrier taxes with interest and penalties

thereon, which plaintiffs scheduled as a general unsecured debt.

All of this outstanding tax debt related to transactions that occurred within three years prior to the filing of plaintiffs' petition herein.

On May 21, 1985, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code (the prior bankruptcy case). An order was entered dismissing the prior bankruptcy case on October 21, 1986.

Three days later the plaintiffs filed their petition for relief herein under Chapter 7 of the Bankruptcy Code on October 24, 1986.

Plaintiffs/debtors received their Chapter 7 discharge, herein, on April 8, 1987. On that same date this case was closed.

On November 15, 1987, defendant garnished plaintiff, CLIFFORD DAWSON'S wages in the amount of $299.09 and applied that amount to the tax debt owing. On November 30, 1987, defendant garnished plaintiff's wages again in the amount of $45.02 and applied that amount to the tax debt referred to above.

On February 16, 1988 plaintiffs moved to reopen this bankruptcy case to file the instant adversary proceeding. The motion was granted on March 31, 1988.

On May 23, 1988, plaintiffs filed their complaint in this adversary proceeding seeking a judgment of civil contempt against the State of Oregon for violation of the debtors' Chapter 7 discharge.

On June 20, 1988, defendant filed a motion to dismiss and for a more definite statement which was heard on September 22, 1988. At the hearing, this court determined that the motion to dismiss would be treated as a motion for summary judgment under BR 7012(b) which incorporates FRCP 12(b). Further, this court granted defendant's motion for a more definite statement and required plaintiffs to name a specific state agency, as defendant, by October 12, 1988.

On October 11, 1988, plaintiffs amended their complaint to reflect that the Commission is the state agency from which relief is

sought. Plaintiffs also added a second claim for relief alleging that defendant garnished plaintiff's wages in the amount of $300 during the prior bankruptcy case, in violation of the automatic stay. On that same date, plaintiffs filed their response to defendant's motion for summary judgment and their own motion for summary judgment on both claims for relief.

The prior bankruptcy case has not been reopened and plaintiffs have not filed any motion to reopen that proceeding.

Each party has now replied to the other's submissions.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF

Plaintiff's second claim for relief contained in plaintiffs' amended complaint is based upon defendant's alleged violation of the automatic stay in the prior bankruptcy case (Case No. 685–07736). Since that case has been dismissed (and closed pursuant to an order entered therein on October 24, 1986) this court clearly lacks jurisdiction over that portion of plaintiffs' amended complaint. Accordingly, plaintiffs' second claim for relief should be dismissed without prejudice in the event that plaintiffs decide to file a motion to reopen the prior bankruptcy case.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF

11 U.S.C. § 523(a)(1)(A) excludes from discharge "taxes of the kind and for the periods specified in ... § 507(a)(7) of this Title...."

Among the taxes specified in 11 U.S.C. § 507(a)(7) are:

11 U.S.C. § 507(a)(7)(E) An excise tax on—

i. a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any exten-

sion, after three years before the date of the filing of the petition; or

ii. if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;

Defendant maintains that the charges levied by the Commission under O.R.S. 767.815 et seq. fit within this exception to discharge and that any post-discharge garnishment to collect such charges does not violate the permanent injunction against collection activities provided in 11 U.S.C. § 524(a)(2). Plaintiffs maintain that the charges were actually "fees" which were discharged.

## ISSUE

Are charges assessed pursuant to O.R.S. 767.815 et seq. non-dischargeable excise taxes under 11 U.S.C. § 523(a)(1)(A) or dischargeable fees?

## DISCUSSION

The state of Oregon regulates vehicles which use the state's highways to transport people or property for hire. The state levies various fees and taxes upon these carriers. O.R.S. 767.815 provides in pertinent part:

(1) In addition to other fees and taxes imposed by law upon carriers, there shall be assessed against and collected from every carrier a tax for the use of the highways, to apply to the cost of administration of this chapter and for the maintenance, operation, construction and reconstruction of public highways.

(2) The tax rate which shall apply to each motor vehicle shall be based upon the declared combined weight of the motor vehicle and in accordance with the weight group tax rates as shown in the tables set forth in ORS 767.820, ...

Since plaintiffs transported logs, they qualified for and elected to pay a substitute carrier tax provided for in O.R.S. § 767.825(3).[1]

1. O.R.S. 767.825(3) provides:
   In lieu of other fees provided in ORS 767.815, carriers engaged in operating motor vehicles in the transportation of logs, poles or piling

may pay annual fees for such operation computed as follows:
   (a) One dollar and fifty cents for each 100 pounds of declared combined weight on mo-

"Combined weight" is defined in O.R.S. 767.005(6) as "... the weight of the motor vehicle plus the weight of the maximum load which the applicant has declared such vehicle will carry...." Plaintiffs paid their tax on a monthly basis as permitted by O.R.S. 767.825(4).

■ While the characterization by the enacting authority of an obligation as a tax is important, the determination of dischargeability is a federal question and must be based upon whether the debt actually possesses the characteristics of a tax. *In re Beaman*, 9 B.R. 539 (Bankr.D.Or. 1980); *In re Lorber Industries of California*, 675 F.2d 1062 (9th Cir.1982).

A "tax" has the following characteristics:

> 1. an involuntary pecuniary burden, regardless of name, laid upon individuals or property;
>
> 2. imposed by, or under authority of the legislature;
>
> 3. for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;
>
> 4. under the police or taxing power of the state.

*In re Lorber, supra*, 675 F.2d at 1066.

On the other hand, a fee:

> "is incident to a voluntary act, e.g., a request that a public agency permit an applicant to practice law or medicine or construct a house or run a broadcast station. The public agency performing these services normally may exact a fee for a grant which, presumably bestows a benefit on the applicant not shared by other members of society." *National Cable Television Assn., Inc. v. United States*, 415 U.S. 336, 340–341, 94 S.Ct. 1146, 1149, 39 L.Ed.2d 370 (1974).

■ The chief distinction between a "tax" and a "fee" is that a tax "is an exaction for a public purpose, while a fee relates to an individual privilege or benefit to the payer." *U.S. v. River Coal Co., Inc.*, 748 F.2d 1103, 1106 (6th Cir.1984).

■ The only opinion which squarely addresses the issue of whether the Oregon Motor Carrier Tax is a tax or a fee is *In re Downs*, 99 B.R. 51 (Bankr.W.D.Wa.1987) (Skidmore, J.). There, Judge Skidmore held that the Motor Carrier Tax fit the *Lorber* criteria, based largely upon the Sixth Circuit's analysis in *U.S. v. River Coal, supra*. and *In re Jenny Lynn Mining Co.*, 780 F.2d 585 (6th Cir.1986). Judge Skidmore concluded that the tax is an excise tax because it is not a flat amount paid for the bare privilege of engaging in an activity, but is based upon the level or volume of that activity.

Here, the "fees" which do permit the bare privilege of operating carriers on state highways are found in O.R.S. 767.105 (a carrier must have a PUC certificate or permit for which a charge of $150 is levied, pursuant to ORS 767.305(1)) and O.R.S. 767.805 (requiring a $15 plate fee). These charges do not vary from carrier to carrier.

The legislative history of 11 U.S.C. § 507(a)(7) supports Judge Skidmore's conclusion:

> All federal, state or local taxes generally considered or expressly treated as excises are covered by this category, including sales taxes, estate and gift taxes, gasoline and special fuel taxes, and wagering and *truck* taxes. (emphasis added) 124 Cong.Rec.H. 113 (Sept. 28, 1978); S. 17430 (Oct. 6, 1978)

This court agrees with Judge Skidmore's conclusion that the motor carrier taxes imposed under O.R.S. 767.815 et seq. are a

tor vehicles using as a propulsion fuel gasoline on which has been paid to the State of Oregon the gasoline tax provided by law.

(b) Four dollars and eighty cents for each 100 pounds declared combined weight on those motor vehicles using as a propulsion fuel any fuel other than gasoline on which has been paid to the State of Oregon the gasoline tax provided by law.

(c) Any carrier electing to pay fees under this method may, as to vehicles otherwise exempt from taxation, elect to be taxed on the mileage basis for movements of such empty vehicles over public highways whenever operations are for the purpose of repair, maintenance, servicing or moving from one exempt highway operation to another.

non-dischargeable excise tax as defined in 11 U.S.C. § 507(a)(7) and 11 U.S.C. § 523(a)(1)(A). Accordingly, defendant's post-discharge garnishment of plaintiff's wages did not violate 11 U.S.C. § 524(a)(2).

There is no genuine issue of material fact. Pursuant to Bankruptcy Rule 7056 defendant is entitled to a judgment as a matter of law, that defendant is not in civil contempt.

This opinion constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052; they shall not be separately stated. An appropriate order and judgment shall be entered.