### In re SHOOTERS EMPORIUM, INC., Debtor.

### Bankruptcy No. 91–20962–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Jan. 7, 1992.

Ira. R. Gordon, Myles R. Wren, Miami, Fla., for Secured Creditor First Eastern Bank, N.A.

Julius H. Browner, Law Offices of Julius H. Browner, Hollywood, Fla., for debtor Shooters Emporium, Inc.

Kevin Kline, Kline, Moore & Klein, P.A., Coconut Grove, Fla., for landlord Associated Industrial Park, Ltd.

Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, Fla., for Claimant State of Florida, Dept. of Law Enforcement.

Stephen M. Weinstein, U.S. Trustee Office, U.S. Dept. of Justice, Miami, Fla.

### MEMORANDUM DECISION DETERMINING PRIORITIES

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on September 23, 1991 upon the Florida De-

partment of Law Enforcement's (FDLE) motion for determination of priority status of its claim against Debtor's estate. In its motion, the FDLE asserts that it is owed the sum of $4,160.00 for fees which were collected by the debtor pursuant to § 790.-065, Florida Statutes. In relevant part, the statute states:

(1) No ... licensed dealer shall sell or deliver from his inventory any ... firearm to another person ... until he has:

\* \* \* \* \* \*

(b) Collected a fee from the potential buyer for processing the criminal history check of the potential buyer. During the first full year of operation the fee shall be $10, thereafter the fee shall be no more than $3 until this section sunsets or is repealed. Rules shall be promulgated by the Department of Law Enforcement to establish procedures for the fees to be transmitted by the licensee to the Department of Law Enforcement. All such fees shall be deposited into the Department of Law Enforcement Operating Trust Fund.

The FDLE asserts that the sum of $4,160.00 is due as a result of fees collected by the debtor for the processing of background checks of potential firearms buyers. Of that amount, $3,010.00 was for background investigations performed prior to the filing of debtor's petition for reorganization and $1,150.00 was for investigations performed post-petition. The FDLE claims a priority under 11 U.S.C. § 507(a)(7)(C) or (E), alleging that the monies collected by the debtor are either a "trust fund" tax or an "excise" tax. The position of First Eastern Bank, N.A., the debtor's primary secured creditor, is that the FDLE's claim is not a tax at all, but merely an unsecured debt with no priority status.

■ At the hearing on this matter, the debtor, First Eastern Bank and the FDLE stipulated that the FDLE would be entitled to reimbursement of criminal history check fees collected by the debtor during the post-petition period as administrative expenses. Thus, the issue remaining before the Court is whether the $3,010.00 owing for background investigations performed prior to the filing of debtor's petition for reorganization is a claim entitled to priority status.

This being a case of first impression within this jurisdiction, the Court has looked to other jurisdictions for the definition of "tax", as that term is used in the Bankruptcy Code. Other courts have defined "tax" as an "involuntary exaction for a public purpose...." *In re Jenny Lynn Mining Co.,* 780 F.2d 585, 588 (6th Cir. 1986) quoting *United States v. River Coal Co.,* 748 F.2d 1103, 1106 (6th Cir.1984). *Accord Williams v. Motley,* 925 F.2d 741, 743 (4th Cir.1991); *In re Metro Transp. Co.,* 117 B.R. 143, 153 (Bankr.E.D.Pa.1990); *In re Downs,* 99 B.R. 51, 52 (Bankr. W.D.Wash.1987). A "fee", the antithesis of a "tax", has been defined as a "voluntary payment for a private benefit." *In re Jenny Lynn Mining Co.,* 780 F.2d at 589. *See also In re Metro Transp. Co.,* 117 B.R. at 154; *In re Downs,* 99 B.R. at 52.

Courts primarily distinguish whether a payment is a "tax" or a "fee" by determining its purpose, private or public. *In re Jenny Lynn Mining Co.,* 780 F.2d at 588. *Accord, In re Metro Transp. Co.,* 117 B.R. at 154; *In re Downs,* 99 B.R. at 52. The payment of monies designed to recoup the costs of regulation from the people regulated, rather than to raise general revenues, is considered to be a "fee". *Id. See, e.g., Union Pacific v. Public Utility Comm'n,* 899 F.2d 854, 859 (9th Cir.1990); *Brock v. Washington Metropolitan Area Transit Auth.,* 796 F.2d 481, 489 (D.C.Cir.1986). As the court recognized in *In re Jenny Lynn Mining Co.,* the inevitable benefit to the public from governmentally imposed fees [that are designed to support the agency administering the program under which the fee is charged] is insufficient to establish that such a fee is a tax. 780 F.2d at 589. Otherwise, "all such fees would be 'taxes' for bankruptcy purposes." *Id.*

■ In the present case, the nature of the payment is voluntary. Payment is required only if one desires to purchase a firearm. The purpose of the payment is

for private benefit. Only people who pay the fee may purchase a firearm. Furthermore, this payment is clearly designed to recoup the costs of regulation from the people regulated, rather than to raise general revenues. This payment can not be reasonably construed to be an involuntary exaction for a public purpose. Accordingly, it appears to this Court that the payment forming the basis of the FDLE's claim is not a "tax" but a "fee" and, as such, is not entitled to priority status. It is hereupon

ORDERED that the FDLE does not have a claim entitled to priority under 11 U.S.C. § 507(a)(7)(C) or (E).

DONE and ORDERED.