# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

---

No. 04-6010 WM

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Trism, Inc., et al., | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Trustees of the Trism Liquidating Trust, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Appellants, | * | Western District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Internal Revenue Service, | * | |
| | * | |
| Appellee. | * | |

---

Submitted: May 26, 2004
Filed: July 12, 2004

---

Before KRESSEL, Chief Judge, SCHERMER and MAHONEY, Bankruptcy
Judges

---

SCHERMER, Bankruptcy Judge

The Trustees of the Trism Liquidating Trust ("Trustees") appeal the bankruptcy court[1] order which classified the claim of the Internal Revenue Service ("IRS") arising out of an obligation imposed under 26 U.S.C. § 4481[2] as an excise tax entitled to priority treatment under 11 U.S.C. § 507(a)(8)(E).[3] We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

ISSUE

The issue on appeal is whether the bankruptcy court erred in concluding that the monetary obligation imposed by Section 4481 of the Internal Revenue Code in connection with the operation of certain heavy motor vehicles on the highways is an excise tax entitled to priority within the ambit of Section 507(a)(8)(E) of the Bankruptcy Code. We conclude that the bankruptcy court did not err in determining that the obligation imposed by Section 4481 of the Internal Revenue Code is an excise tax entitled to priority under Section 507(a)(8)(E) of the Bankruptcy Code.

BACKGROUND

Trism, Inc. and its subsidiaries ("Trism") filed petitions for relief under Chapter 11 of the Bankruptcy Code on December 18, 2001. The IRS filed timely proofs of claim asserting, *inter alia*, a priority excise tax claim in the amount of $305,872.64 (the "Claim") for liabilities due under Section 4481 of the Internal

---

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

[2]Title 26 of the United States Code is referred to herein as the Internal Revenue Code.

[3]Title 11 of the United States Code is referred to herein as the Bankruptcy Code.

2

Revenue Code. Trism objected to the priority classification of the Claim. After the objection was filed but before the hearing on the objection was conducted, Trism confirmed a liquidating plan pursuant to which the authority to liquidate claim objections was assigned to the Trustees.

The bankruptcy court conducted a hearing on the objection to the Claim and entered its order allowing the Claim as a priority claim. The Trustees appeal the allowance of priority status for the Claim.

## STANDARD OF REVIEW

The facts are not in dispute. The bankruptcy court's determination that the obligation in question is an excise tax within the ambit of Section 507(a)(8)(E) of the Bankruptcy Code is a conclusion of law which we review *de novo*. *North Dakota Workers Compensation Bureau v. Voightman (In reVoightman)*, 239 B.R. 380, 382 (B.A.P. 8th Cir. 1999); *see also United States v. Juvenile Shoe Corp. of Am. (In re Juvenile Shoe Corp. of Am.)*, 99 F.3d 898 (8th Cir. 1996).

## DISCUSSION

Section 507(a)(8)(E) of the Bankruptcy Code provides priority status to an excise tax on a transaction which either occurred within the three years immediately preceding the bankruptcy petition or which gave rise to the obligation to file a tax return which was due after three years prior to the petition date. In the instant case the parties do not dispute that the obligation accrued within the applicable temporal parameters. The Trustees dispute that the applicable obligation is an excise tax and that it is "on a transaction."

3

Section 4481 of the Internal Revenue Code[4] imposes a yearly financial

[4]26 U.S.C. § 4481 provides as follows:

(a) Imposition of tax.--A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of at least 55,000 pounds at the rate specified in the following table:

| Taxable gross weight: | Rate of tax: |
| --- | --- |
| At least 55,000 pounds, but not over 75,000 pounds | $100 per year plus $22 for each 1,000 pounds (or fraction thereof) in excess of 55,000 pounds. |
| Over 75,000 pounds | $550. |

(b) By whom paid.--The tax imposed by this section shall be paid by the person in whose name the highway motor vehicle is, or is required to be, registered under the law of the State or contiguous foreign country in which such vehicle is, or is required to be, registered, or, in case the highway motor vehicle is owned by the United States, by the agency or instrumentality of the United States operating such vehicle.

(c) Proration of tax.--
(1) Where first use occurs after first month.--If in any taxable period the first use of the highway motor vehicle is after the first month in such period, the tax shall be reckoned proportionately from the first day of the month in which such use occurs to and including the last day in such taxable period.
(2) Where vehicle destroyed or stolen.--
(A) In general.--If in any taxable period a highway motor vehicle is destroyed or stolen before the first day of the last month in such period and not subsequently used during such taxable period, the tax shall be reckoned proportionately from the first day of the month in such period in which the first use of such highway motor vehicle occurs to and including the last day of the month in which such highway motor vehicle was destroyed or stolen.

4

obligation on the use of large trucks on highways within this country. The amount of the obligation is determined by the weight of the vehicle and is payable by the registered owner of the vehicle. The owner is exempt from paying the obligation if the vehicle is driven on highways less than 5,000 miles during the taxable year. 26 U.S.C. § 4483(d); 26 C.F.R. § 41.4483-3(a).

The Trustees argue that the obligation imposed by Section 4481 of the Internal Revenue Code is a fee and not a tax. The Trustees also argue that even if the obligation is an excise tax it is not imposed on a transaction as required by Section 507(a)(8) of the Bankruptcy Code.

## A. Tax Versus Fee

The obligation imposed on large trucks is codified in the Internal Revenue Code within a chapter entitled Certain Other Excise Taxes.[5] However, neither the label affixed to the large vehicle obligation nor its characterization within the Internal Revue Code is dispositive for purposes of its classification under the Bankruptcy Code. *U.S. v. Reorganized CF&I Fabricators of Utah, Inc.*, 518 U.S. 213, 224, 116 S. Ct. 2106, 2114 (1996); *Juvenile Shoe*, 99 F.3d at 900-01; *Voightman*, 239 B.R. at

---

(B) Destroyed.--For purposes of subparagraph (A), a highway motor vehicle is destroyed if such vehicle is damaged by reason of an accident or other casualty to such an extent that it is not economic to rebuild.

(d) One tax liability per period.--
(1) In general.--To the extent that the tax imposed by this section is paid with respect to any highway motor vehicle for any taxable period, no further tax shall be imposed by this section for such taxable period with respect to such vehicle.
(2) Cross reference.--For privilege of paying tax imposed by this section in installments, see section 6156.

[5]Chapter 36 of Title 26 of the United States Code.

383.  Instead, we must examine the function Section 4481 of the Internal Revenue Code is designed to serve to determine if the obligation qualifies as an excise tax under the Bankruptcy Code.  *Id.*

The term "tax" is not defined in the Bankruptcy Code.  Therefore, we must look to the normal meaning of the term for guidance.  The Supreme Court has defined a tax as "a pecuniary burden laid upon individuals or property for the purpose of supporting the Government."  *Reorganized CF&I Fabricators*, 518 U.S. at 224, 116 S. Ct. at 2113 (citing *New Jersey v. Anderson*, 203 U.S. 483, 492, 27 S. Ct. 137, 140 (1906); *United States v. New York*, 315 U.S. 510, 515, 62 S. Ct. 712, 714-15 (1942); and *City of New York v. Feiring*, 313 U.S. 283, 285, 61 S. Ct. 1028, 1029 (1941)).  Alternatively, the Court has referred to a tax as "an enforced contribution to provide for the support of government."  *Reorganized CF&I Fabricators*, 518 U.S. at 224, 116 S. Ct. at 2113 (citing *United States v. La Franca*, 282 U.S. 568, 572, 51 S. Ct. 278, 280 (1931)).  Taxation is a legislative function.  Congress may act arbitrarily in the imposition of taxes, disregarding any benefit to the payor and imposing the liability solely on the ability to pay, the ownership of property, or income.  *Nat'l Cable Television Ass'n, Inc. v. United States*, 415 U.S. 336, 340, 94 S. Ct. 1146, 1149 (1974).  A tax is a general charge which does not correlate to any particular benefit to the payor.  *Coalition for Fair and Equitable Regulation of Docks on Lake of the Ozarks v. Fed. Regulatory Comm'n*, 297 F.3d 771, 778 (8th Cir. 2002).

In contrast, a fee is a charge exacted in exchange for a benefit to the payor not shared by other members of society.  *Nat'l Cable Television Ass'n*, 415 U.S. at 340-41, 94 S. Ct. at 1149.  The payor voluntarily pays a fee to receive a benefit or privilege which would not otherwise be available to it.  *Coalition for Fair and Equitable Regulation of Docks*, 297 F.3d at 778-79.  A fee is generally based on the cost of providing the benefit to the recipient and is designed to subsidize the cost of the benefits supplied.  *Id.*; *Voightman*, 239 B.R. at 383.

An obligation may be classified as a tax for bankruptcy purposes if it is (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by or under the authority of the legislature; (3) for public purposes, including defraying expenses of government or undertakings authorized by government; (4) under the police or taxing power of the government; (5) universally applicable to similarly situated entities; and (6) according priority treatment to the claim will not disadvantage private creditors with like claims. *Voightman*, 239 B.R. at 383-83 (citing *County Sanitation Dist. No. 2 v. Lorber Indus. of California, Inc. (In re Lorber Indus. of California, Inc.)*, 675 F.2d 1062, 1066 (9th Cir. 1982) and *Ohio Bureau of Workers' Compensation v. Yoder (In re Suburban Motor Freight, Inc.)*, 36 F.3d 484, 488 n.2 (6th Cir. 1994)).

The obligation imposed by Section 4481 of the Internal Revenue Code is a pecuniary burden laid upon property, namely large trucks. The Trustees contend that the burden is voluntary because it is not imposed on the owner of every vehicle, only on those who choose to own and operate heavy trucks on the highways and drive at least 5,000 miles annually. We disagree. The obligation is involuntary. It is imposed on every large vehicle that fits within the parameters of Section 4481 of the Internal Revenue Code.

The obligation was imposed by legislative authority under the taxing power of Congress. Congress authorized an annual tax on the use of trucks and buses on highways in the Highway Revenue Act of 1956. S. REP. NO. 84-2054 (1956), *reprinted in* 1956 U.S.C.C.A.N. 2851. Section 4481 of the Internal Revenue Code was enacted as a result of the Highway Revenue Act of 1956. The purpose of the Highway Revenue Act of 1956 was to authorize appropriations for the construction of highways in part through user taxes. *Id*. The funds collected pursuant to Section 4481 of the Internal Revenue Code are deposited into the Federal Highway Trust Fund. 26 U.S.C. § 9503(c). Moneys in such fund are used to meet the obligations of the United States which are incurred in the administration of numerous

surface transportation acts. *Id.* Although the payor of the assessment benefits from improved highways, that benefit is not limited to those who pay the tax. *Nat'l Cable Television Ass'n*, 415 U.S. at 340-41, 94 S. Ct. at 1149. The benefit of improved highways is enjoyed by all members of society including those who do not drive on the highways yet benefit indirectly by the positive impact the highway system has on interstate commerce and the economy. The purpose of the heavy vehicle obligation is public. The assessment is applied universally to all similarly situated entities: every owner of a heavy truck must pay the obligation unless such owner drives the vehicle less than 5,000 miles annually. The exemption for vehicles with nominal use does not render the obligation non-uniform; rather it recognizes a policy decision to except from the obligation those vehicles which are rarely driven on the highways.

Will priority treatment for the claim arising under Section 4481 of the Internal Revenue Code disadvantage private creditors with like claims? Payments to holders of priority claims always disadvantage the holders of unsecured claims unless all claims are paid in full. However, are there any private creditors with "like" claims? No. Congress has singled out certain types of claims to receive priority treatment under the Bankruptcy Code. 11 U.S.C. § 507. Taxes are one type of preferred obligation. 11 U.S.C. § 507(a)(8). Taxes are not like other unsecured claims. Taxes are assessed for the general benefit of society upon all individuals, entities, or property subject to the tax. Private unsecured claims are owed to entities which generally elected to do business with the debtor. The record in this case lacks any evidence of unsecured claims which are "like" the heavy vehicle tax imposed on the owners of heavy trucks which operate such trucks on the public highways.[6]

---

[6] Arguments have been made in the workers' compensation arena that mandatory premiums imposed by certain states cannot qualify as taxes because providing such claims priority would disadvantage private insurers who are owed premiums for workers compensation coverage. Courts have rejected this argument and concluded that workers compensation premiums owed in monopolistic states are taxes entitled to priority in the bankruptcy context. *Ohio Bureau of Workers'*

The Trustees argue that the obligation imposed by Section 4481 of the Internal Revenue Code is a fee rather than a tax because it must be paid in order to obtain a license to operate a truck on the highways. Operating licenses are issued by the individual states, not by the federal government. Nonetheless, the federal government encourages states to require proof of payment of the heavy truck tax before registering trucks. 26 C.F.R. § 41.6001-2. The federal government may withhold up to twenty-five percent of a state's federal highway funds if the state fails to require proof of payment of the heavy truck tax as a prerequisite for licensing a truck. 26 U.S.C. § 141(c). According to the Trustees, the link between the payment of the obligation and the ability to exercise the privilege of operating a heavy vehicle on the highways renders the obligation a fee. We disagree. Under the Trustee's argument, personal property taxes would be fees and not taxes. Missouri requires proof of payment of personal property taxes as a prerequisite to registration of a vehicle. Mo. Rev. Stat. § 301.025. Accordingly, a Missouri citizen cannot legally operate a motor vehicle on public roadways without payment of personal property taxes. While nonpayment of personal property taxes prevents an individual from registering his or her vehicle, this consequence does not transform the nature of the financial obligation from a tax to a fee. A tax is no less a tax because it has an impact on behavior or a regulatory effect. *Juvenile Shoe*, 99 F.3d at 902.

We conclude that the obligation imposed by Section 4481 of the Internal Revenue Code is a tax and not a fee. However, we must still determine whether the obligation is an excise tax on a transaction in order to qualify for priority treatment under Section 507(a)(8)(E) of the Bankruptcy Code.

---

*Compensation v. Yoder (In re Suburban Motor Freight, Inc.)*, 998 F.2d 338, 341-42 (6th Cir. 1993); *Voightman*, 239 B.R. at 357. Here, no evidence has been presented of any private entities with claims arising out of the operation of heavy trucks on highways and we can conceive of no such "like" claim.

## B. Excise Tax on a Transaction

The Supreme Court has identified an excise tax as an inland duty or impost operating as an indirect tax on the consumer, levied upon certain specified articles. It is also levied on licenses to pursue certain trades and commodities. *Patton v. Brady*, 184 U.S. 606, 618, 22 S. Ct. 493 (1902). Black's Law Dictionary defines an excise tax as

> a tax imposed on the performance of an act, the engaging in an occupation, or in the employment of a privilege. A tax on the manufacture, sale, or use of goods or on the carrying on of an occupation or activity, or a tax on the transfer of property. In current usage, the term has been extended to include various license fees and practically every internal revenue tax except income tax.

Black's Law Dictionary 563 (6th ed. rev. 1990)(citations omitted). This court has defined an excise tax as "an indirect tax, one not directly imposed upon persons or property but imposed on the performance of an act, the engaging in an occupation, or the enjoyment of a privilege." *Voightman*, 239 B.R. at 382-83. The tax at issue here is clearly a tax on something other than income and would therefore qualify as an excise tax under the current usage of the term as recognized by Black's Law Dictionary.

The fact that the tax is an excise tax is not enough for priority treatment, however, because the statute only affords priority treatment to an excise tax on a "transaction." What does this mean? According to Black's Law Dictionary, a transaction is

> An act of transacting or conducting any business; between two or more persons; negotiation; that which is done; an affair. An act, agreement, or several acts or agreements between or among parties whereby a cause of action or acceleration of legal rights

10

occur. It may involve selling, leasing, borrowing, mortgaging or lending. Something which has taken place, whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered. It is a broader term than "contract."

Black's Law Dictionary 1496 (6th ed. Rev. 1990)(citations omitted). A transaction in the context of an excise tax is often a discrete act, for example, the sale of a cigarettes. *DeRoche v. Arizona Indus. Comm'n*, 287 F.3d 751, 755 (9th Cir. 2002). However, the transaction can be less obvious, such as the employment of an individual without maintaining workers' compensation coverage. *Id*.

The obvious meaning of transaction in Section 507(a)(8)(E) is some act by the taxpayer. *Bliemeister v. Indus. Comm'n of Arizona (In re Bliemeister)*, 251 B.R. 383, 394 (Bankr. D. Ariz. 2000). The transaction at issue here is the operation of a heavy vehicle on the highways more than 5,000 miles in a calendar year. The operation of the vehicle for 5,000 miles is an act or a series of acts whereby the right to collect payment of the heavy vehicle tax arises. The event of operating the vehicle falls within the broad definition of transaction. This conclusion is supported by the legislative history of Section 507(a)(8) which provides as follows:

All federal, state or local taxes generally considered or expressly treated as excises are covered by this category, including sales taxes, estate and gift taxes, gasoline and special fuel taxes, and wagering and ***truck taxes***.

124 Cong. Rec. H. 113 (Sept. 28, 1978); S. 17430 (Oct. 6, 1978) (emphasis added). See *Dawson v. Oregon (In re Dawson)*, 98 B.R. 519 (Bankr. D. Or. 1989)(concluding that Oregon motor carrier tax was a non-dischargeable excise tax). We conclude that the obligation imposed by Section 4481 of the Internal Revenue

Code is an excise tax on the transaction of operating a heavy truck on the highways in excess of 5,000 miles.

## CONCLUSION

The financial obligation imposed on owners of heavy highway vehicles pursuant to Section 4481 of the Internal Revenue Code is an excise tax on a transaction which is entitled to priority treatment pursuant to Section 507(a)(8)(E) of the Bankruptcy Code. Accordingly, the bankruptcy court's order is affirmed.

KRESSEL, Chief Judge, concurring.

I concur completely in the majority's opinion, but write separately only to emphasize the historical origins of the language "a transaction occurring before the date of the filing of the petition."

Section 64(a)(4) of the Bankruptcy Act of 1898, as amended, provided for a priority for "taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof which are not released by a discharge in bankruptcy . . . ." 11 U.S.C. § 104(a)(3) (repealed). In its 1973 Report, the Bankruptcy Commission recommended that the language be changed so that instead of relying on the language "legally due and owing," which had been the subject of litigation, that more specific language be used as to each kind of tax, including excise taxes. The proposed language for excise taxes provided a priority for "excise taxes on transactions occurring within one year prior to the date of the petition." Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93-137, 93rd Cong., 1st Sess. (1973).

While this language evolved and changed during the legislative process and resulted in the language in the current statute, the language "a transaction occurring before the date of the filing of the petition" survived as a substitute for the

Bankruptcy Act's language "legally due and owing."  Whether the new language is clearer than the old language is certainly open to debate, but it is clear from the Report and subsequent history that no change in substance  was intended.  There is no indication in the Commission's Report or subsequent history that the word "transaction" was intended to have any particular technical meaning or substance apart from the fact that it was used  to indicate that whatever triggered liability for the tax occurred  before the petition was filed.  This does  not mean, of course, that we can ignore the word "transaction," but it helps us determine what Congress had in mind when it used that word.

———————————————