# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2952

_____

In re:   Trism, Inc.,                                 *
                                                      *
                            Debtor                    *
                                                      *
_____                                   *
                                                      *
Trustees of the Trism Liquidating                     *
Trust,                                                 *     Appeal from the United States
                                                      *     Bankruptcy Appellate Panel.
                            Appellant,                *
                                                      *          [UNPUBLISHED]
        v.                                            *
                                                      *
Internal Revenue Service,                             *
                                                      *
                            Appellee.                 *

_____

Submitted:  April 13, 2005
Filed:  April 21, 2005

_____

Before LOKEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

Trism, Inc., an interstate trucking company, filed for bankruptcy under Chapter 11.  The Internal Revenue Service (IRS) filed a claim for unpaid assessments on Trism's operation of heavy motor vehicles on the highways.  See 26 U.S.C. § 4481. Trism objected to the claim's priority classification, then confirmed a liquidating plan

assigning authority to liquidate claim objections to the Trustees. After a hearing, the bankruptcy court decided the monetary obligation imposed by § 4481 was an excise tax on a transaction entitled to priority under 11 U.S.C. § 507(a)(8)(E) (granting priority to unsecured governmental claims for an "excise tax" on a "transaction"). The Bankruptcy Appellate Panel affirmed. In re Trism, 311 B.R. 509 (B.A.P. 8th Cir. 2004). The Trustees appeal arguing the bankruptcy court and BAP erroneously concluded the charges were a tax, rather than a user fee, and erroneously found a transaction had occurred. Having carefully reviewed the record, the briefs, and the applicable law, we conclude the bankruptcy court and BAP correctly decided the case. The obligation imposed by § 4481 is a tax, not a fee. Id. at 513-16. Further, the obligation is an excise tax on a transaction. Id. at 516-17. Because we have nothing to add to the BAP's explanation, we summarily affirm. See 8th Cir. R. 47B.

_____